## ALEXANDER McCOY ET AL.

### v.

## THE APPLEBY MANUFACTURING CO.

CORPORATE PURPOSES—EMPLOYMENT OF ATTORNEYS TO WIND UP AFFAIRS OF CORPORATION.—The defendant was a corporation. One of its directors and the acting president became involved in a difficulty as to co-

McCoy et al. v. The Appleby Manufacturing Co.

porate affairs, with the other directors, resulting in a suspension of the business of the corporation. The treasurer and all the other directors employed plaintiffs as attorneys, to counsel and assist the company in respect to the difficulty with the president, and to transact the legal business of the company. Plaintiffs, in the course of such employment, filed a bill to close up the affairs of the company. *Held*, that the services rendered in closing up the affairs of the corporation were for a corporate purpose, and should be paid out of the corporate funds.

Error to the Circuit Court of Cook county; the Hon. W. W. Farwell, Judge, presiding.

Messrs. McCoy & Pratt, for plaintiffs in error; upon the question of performance of services, cited *Ex parte* Plitt et al. 2 Wall. Jr. 453, and cases there mentioned.

Mr. John I. Bennett, for defendant in error Appleby.

Murphy, J. This is a petition filed by the plaintiffs in error against the defendant in error, on the 24th day of June, 1877, to recover pay for their services theretofore rendered to, and performed, for said defendant, as attorneys at law and solicitors in chancery, in and about the affairs of said company, from and after the 15th day of June, 1875, up to the time of filing said petition.

It appears from the record in this case that a certain portion of the alleged bill accrued to, and the services were performed by, the law firm of Harding, McCoy & Pratt, to wit: the sum of $1,036.00, but that by the terms of the dissolution of said firm in December, 1875, these petitioners succeeded to the business and rights of the former firm, and became entitled, as a consequence, to any benefits which arise from this claim of $1,036.00, so claimed for the services of Harding, McCoy & Pratt. In addition to said sum, petitioners claim the further sum of $2,457.50, for additional services rendered by them for said defendant by the present firm of McCoy & Pratt, as per bills rendered and attached to said petition, designated as Exhibit A and B, respectively. These claims are objected to by Richard B. Appleby, one of the stockholders of said defendant, and interested in its affairs, upon the grounds that the services

rendered by said petitioners were not for a corporate purpose, and therefore are not properly chargeable to said corporation. From the record, it appears that the Appleby Manufacturing Company was a corporation existing under the laws of this State, located and doing business in the city of Chicago ; that Richard B. Appleby was director and acting president of said company, when, on the 15th day of June, 1875, a difficulty arose between the president and the corporation, he assuming title to a large part of the corporate property in his individual right, which, in the opinion of the other directors and stockholders, was inconsistent with the interests of the company, and his duty to it as its president. At this time the difficulty had become so violent as to have ·caused the entire suspension of the business of the company; that on that day, Walter S. Babcock, treasurer, and all the directors, except said Appleby, called upon and employed the then firm of Harding, McCoy & Pratt, not only to counsel and assist the company in respect to the difficulty with its then president, but to do and perform any and all the business of the company which might require the assistance of legal advisers.

Under this employment the firm of Harding, McCoy & Pratt embarked in the business, and continued to transact it until the following December, when Mr. Harding went out of the firm, since which time the petitioners have continued to transact the business of the company until the bill made up of apparently reasonable charges has reached the large sum now claimed by the petitioners. It is not seriously contended, as we understand counsel, that the charges are, of themselves, unreasonable as to the *amount*. The point made against them is, that the services for which they are charged was not corporate, but individual in its character. Upon the determination of that question must depend the decision of the case. From this record it appears that they transacted a large amount of business for said company. One very important service they rendered, the corporate character of which, we think, ought not to be questioned, was, to file a bill in chancery in the name of Walter S. Babcock, but at the instance and employment of all the directors and stockholders, except said Ap-

McCoy et al. v. The Appleby Manufacturing Co.

pleby, to dissolve the corporation and close up its affairs, and upon the hearing of that bill with the cross-bill filed by Appleby, the court properly adjusted the equities between the stockholders, and decreed a dissolution of the corporation.

It is conceded by counsel that under these proceedings to close up said corporation, there is now a fund in the hands of the court below, belonging to said corporation, abundantly large to pay the bill of the petitioners, after paying and discharging all the other debts and liabilities of said company, if it be proper to charge the same against said corporation. Upon the proof submitted before the master, it seems to us clear that the services were rendered for and on behalf of the corporation, and are properly chargeable to the fund now in the court below, and that the master's report should have been approved. The court below entertained different views, and sustained exceptions to said report, except as to $150.00. This, we think, was error, and for which the decree of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.